STATE OF NEBRASKA, BOARD OF EDUCATIONAL LANDS AND FUNDS, APPELLANT, v. JOHN M. BUSH ET AL., APPELLEES.
199 N. W. 2d 704

Filed July 28, 1972. No. 38303.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellant.

No appearance for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is a statutory declaratory judgment action to determine the ownership of certain fencing and alfalfa located on school land in Franklin County, Nebraska. The district court determined that the defendants lessees held a compensable interest in the fencing and the alfalfa and dismissed the action. The Board of Educational Lands and Funds has appealed.

The plaintiff Board of Educational Lands and Funds is the owner of the quarter section of land involved here, which is a part of the school lands of the State of Nebraska. Approximately 2½ miles of permanent wood post and wire fencing is located on the land. There were also 11 acres of alfalfa which had been on the land for 8 years at the time of the trial. No permission had been requested or given to construct any of the fencing. The defendants leased the land from the plaintiff for a period

of 12 years effective January 1, 1958, and expiring December 31, 1969. The lease had been extended on a year-to-year basis until December 31, 1971. Prior to the defendants acquiring the lease, the land had been leased to a Mrs. McCracken. There was no evidence as to who put the fences on the land originally. The evidence of a fieldman for the plaintiff indicated that the fences were 50 or 60 years old, while the defendants lessees believed the fencing was placed on the land in 1930. Defendant John Bush testified that at the time he entered upon his lease, he made an agreement with Mrs. McCracken, the previous lessee on the land, as to the fences. She told him that he could have them and she voluntarily gave them to him, although she didn't think they were "any good." Thereafter during the period of defendants' lease, approximately $500 was expended by the defendants in repairing and maintaining the fences.

The board asserts that the common law rules apply and the fencing and alfalfa become the property of the board at the expiration of the lease. In effect the board contends that since the defendants paid nothing for the fences at the time they acquired their interest in them from the preceding lessee, they cannot have any ownership or compensable interest in the fences.

The burden of establishing the ownership of a compensable interest in "improvements" on school land leases is on the lessee. That burden may be satisfied by proof of purchase, or proof that the lessee personally placed the improvements on the land, or proof that they were acquired by gift. The evidence here was sufficient to establish a gift of the fencing to the defendants.

The presence of "improvements" (except crops) on school lands, standing alone, does not establish ownership in the tenant nor satisfy the burden of proving ownership. The fact of ownership of improvements does not establish a right to receive compensation nor determine any valuation of such improvements.

The board relies upon the fact that no permission was requested or granted for the fences. That position ignores the holding in Banks v. State, 181 Neb. 106, 147 N. W. 2d 132. We held there that because fencing was specified for appraisal and compensation between succeeding tenants but was not specified as one of the "improvements" requiring approval by the board, tenants were not required to obtain approval for fencing, even though it was placed on the land after 1953. Banks also held that the lessee of school lands had a compensable interest in growing crops derivative from the school land statutes entirely distinct from common law rules.

At least since 1953, statutes requiring appraisal and compensation as between successive lessees have continuously included "plowing for future crops, and alfalfa or other crops growing thereon." See §§ 72-240.06, R. S. Supp., 1953 (repealed 1967), and 72-240.18, R. S. Supp., 1969. The statutes since 1967 have specified separate standards for determining the value of annual and perennial crops and both of them must be valued as of the date of expiration of the lease. See § 72-240.18, R. R. S. 1943. In the absence of agreement, a tenant on school lands has a compensable interest in the crops, annual or perennial, growing on such lands on the date of termination of his lease. We find no reason to depart from Banks v. State, *supra*, nor from State v. Rosenberger, 187 Neb. 726, 193 N. W. 2d 769. In the event of the sale of school lands to a third person, a tenant has a right to compensation resulting from "improvements" or crops compensable under the school land lease statutes.

The judgment of the district court was correct and is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I dissent on the ground set forth in my dissent in State v. Rosenberger, 187 Neb. 726, 193 N. W. 2d 769.

I additionally dissent for the reason that the record very clearly shows the fences were on the land when the defendants acquired the lease; that they paid nothing for the fences; and that there is no record of anyone ever requesting or receiving permission to put the fences on the land.

With reference to the alfalfa, the defendants offered no evidence of their claimed ownership, and the plaintiff's ownership of it is supported by Peterson v. Vak, 160 Neb. 450, 70 N. W. 2d 436.

WHITE, C. J., and NEWTON, J., join in this dissent.